FILED
United States Court of Appeals
Tenth Circuit

May 17, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES E. LAUGHLIN,

Defendant-Appellant.

No. 11-1443
(D.C. No. 1:10-CR-00623-CMA-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **PORFILIO**, Senior Circuit Judge, and **MURPHY**, Circuit Judge.

James E. Laughlin challenges the sixteen-month sentence he received for violating the terms and conditions of his federal supervised release, claiming that the within-guidelines sentence imposed by the district court is both procedurally and substantively unreasonable. Exercising jurisdiction under 18 U.S.C. § 3742(a)(1) and 28 U.S.C. § 1291, we summarily affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

First, Mr. Laughlin argues that the district court committed procedural errors by (1) improperly considering three sentencing factors that Congress expressly omitted from the supervised release sentencing statute, and (2) inadequately considering a sentencing factor it was required to consider when imposing a sentence for a violation of supervised release. However, we agree with the government that the district court considered appropriate sentencing factors when it determined Mr. Laughlin's sentence. S*ee* Aplee. Br. at 10-14. We further agree with the government that Mr. Laughlin has not even come close to satisfying the controlling plain error standard of review as it relates to his procedural challenges to his sentence. *Id.* at 8-10, 15-16.

Second, Mr. Laughlin claims that his sentence is substantively unreasonable because the district court improperly weighed the sentencing factors enumerated in 18 U.S.C. §§ 3553(a) and 3583(e). But we agree with the government that Mr. Laughlin has not rebutted the presumption that his within-guidelines sentence is reasonable. *See* Aplee. Br. at 18-20. Indeed, as the government has pointed out, in his opening brief, "Mr. Laughlin advance[d] no discernable facts or legal authority supporting his assertion that the district court mis-weighed the sentencing factors." *Id.* at 19; *see also* Aplt. Opening Br. at 21-22.

The judgment of the district court is AFFIRMED.

Entered for the Court


John C. Porfilio
Senior Circuit Judge